**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

FRANK D. LACEY, JR.,

    Plaintiff,

v.                                          Case No. 03-CV-75023-DT

DOORSTEP SHELTER, SUBSIDIARY OF MES,
INC. and JON P. RUTHERFORD,

    Defendants.
                                          /

**OPINION AND ORDER DENYING PLAINTIFF'S "MOTION TO AMEND JUDGMENT OF ORDER GRANTING DEFENDANTS['] 'MOTION FOR SUMMARY JUDGMENT'"**

Pending before the court is Plaintiff's "Motion to Amend Judgment of Order Granting Defendants['] 'Motion for Summary Judgment'" filed on January 18, 2005. On January 3, 2005, the court issued its "Order Granting Defendants' 'Motion for Summary Judgment as to Gender Discrimination.'" Plaintiff filed his motion pursuant to Fed. R. Civ. P. 52(b), but the court analyzed Defendants' motion for summary judgment under Fed. R. Civ. P. 56. Fed. R. Civ. P. 52(a) permits a court to "find . . . facts specially and state separately its conclusions of law," but the court does not make factual findings under Fed. R. Civ. P. 56. The court will construe Plaintiff's motion as a motion for reconsideration filed pursuant to E.D. Mich. LR 7.1(g)(3). For the reasons set forth below, the court will deny Plaintiff's motion.[1]

---

[1] The court notes that Plaintiff's motion for reconsideration was due on January 17, 2005, pursuant to E.D. Mich. L.R. 7.1 (g). Plaintiff's motion was filed on January 18, 2005, and is therefore outside of the guidelines of the Local Rules, and can be denied on this basis. But, in its discretion, the court will review the substance of Plaintiff's motion. *Muglia v. Kaumagraph Corp.*, 64 F.3d 663, 1995 WL 492933, at * 8 (6th Cir. August 16, 1995).

## I.  BACKGROUND

The instant dispute arises from Plaintiff's employment at Defendant Doorstep Shelter as a security guard.  Plaintiff claims that he was discriminated against in the course of his employment, and one of his counts sounds in gender (sex) discrimination under Title VII of the Civil Rights Act of 1964.  (Compl. at ¶ 13.)  In their "Motion for Summary Judgment as to Gender Discrimination," Defendants moved for summary judgment claiming that there is no evidence to support Plaintiff's claim of gender discrimination and that, in addition, any semblance of a claim in this respect was settled between the parties in an EEOC proceeding.  (Defs.' S.J. Mot. at ¶¶ 5, 8-10, 19.)  On January 3, 2005, the court granted Defendants' summary judgment motion in its "Order Granting Defendants' 'Motion for Summary Judgment as to Gender Discrimination'" [Dkt. # 75].

## II.  STANDARD

Rule 7.1(g) of the Local Rules for the Eastern District of Michigan provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case."  E.D. Mich. LR 7.1(g)(3).  A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest or plain.  *Mktg. Displays, Inc. v. Traffix Devices, Inc.,* 971 F. Supp. 262, 278 (E.D. Mich 1997) (citing Webster's New World Dictionary 974 (3d ed. 1988)).  A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted.  E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.,* 967 F. Supp. 951, 952 (E.D. Mich. 1997).  Under

the local rules, "[a] motion for reconsideration must be filed within 10 days after entry of the judgment or order." E.D. Mich. LR 7.1(g)(1).

### III. DISCUSSION

As explained in its "Order Granting Defendants' 'Motion for Summary Judgment as to Gender Discrimination,'" the *McDonnell Douglas* prima facie case factors apply to Plaintiff's sex discrimination claim. (1/3/05 Order at 2.) In order to establish a prima facie case for sex discrimination, Plaintiff must prove that (1) he is a member of a protected class (in this case, a male); (2) he suffered an adverse job action, (3) he was qualified for the position, and (4) that similarly-situated persons not in the protected class (i.e., females) were treated differently, not being subjected to the same adverse action. *See Lytle v. Malady*, 458 Mich. 153 (1998); *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1166 (6th Cir. 1996).

The court further clarified that in order for two or more employees to be considered similarly-situated for the purpose of creating an inference of disparate treatment in a Title VII case, the plaintiff must prove that all of the relevant aspects of his employment situation are "'nearly identical' to those of the [other] employees who he alleges were treated more favorably." *Pierce v. Commonwealth Life Ins., Co.*, 40 F.3d 796, 802 (6th Cir. 1994). The similarity between the compared individuals must exist in all relevant aspects of their respective circumstances. *Id.*

The court concluded that no reasonable jury could find that Plaintiff made a prima facie case for sex discrimination because he did not present evidence of similarly situated female employees who were treated differently than he was. (1/3/05 Order at 3.)

In his motion for reconsideration, Plaintiff asserts that "the evidence in the case indicates that Plaintiff was subject to an adverse action of the employer which did not affect a similarly situated female." (Pl.'s Mot. for Reconsideration at ¶ 6.)  Plaintiff avers that he "has stated in several of his motions and motion responses that Carmen Jarrett ("Jarrett") [,] a security supervisor[,] instructed a maintenance man to block a fire exit." (*Id.* at 1.)  Plaintiff also contends that "Defendants . . . by their own admission have said that a (female security supervisor) ordered a fire exit boarded shut" and "was not affected by the employers adverse action as he [was]." (*Id.*)  Plaintiff cites Defendants' 8/06/04 Response to the court's "Order Granting Defendants' Motion to Compel Depositions . . ." in support of his contention.  The court notes that in the response that Plaintiff references, Defendants stated that "upon inquiry with Jarrett, she is *unsure* at this date whether or not she spoke with Mr. Dembek with respect to securing the fire door." (*Id.* at Ex. 1 at 4.) (emphasis added.)  This statement does not unequivocally establish that Jarrett directed Dembek to tape the door shut.  However, the court must take Plaintiff's evidence as a whole in a light most favorable to him, and therefore will accept Plaintiff's argument that Jarrett ordered a maintenance employee to secure a door at Doorstep Shelter.  Fed. R. Civ. P. 56.

In his response to Defendants' motion for summary judgment, Plaintiff did not direct the court to admissible evidence that suggested that he and Jarrett were similarly situated.  Instead, Plaintiff alleged that Jarrett, a female supervisor who had *"formerly* been his peer, harassed him" and he made several references to Jarrett that indicated that she was not similarly situated to him. (Pl.'s Resp. at 1.) (emphasis added.)  For example, on page six of his response, Plaintiff stated that he filed a complaint "against

4

*his* immediate supervisor, Carmen Jarrett." (*Id.* at 6.) (emphasis added.) On page fourteen of his response, Plaintiff stated that a change in Jarretts's position required "Plaintiff . . . to *report* to *her*, which allowed the harassment of him and intimidation of other staff members, creating a hostile work environment." (*Id.* at 14.) (emphasis added.) In addition, in Plaintiff's letter to Judy Burgauski, a Doorstep Shelter Human Resources employee, Plaintiff referred to Jarrett as the first shift supervisor, while referring to himself as the shift coordinator. (*Id.* at Ex. 3 at 1-2.)

Plaintiff also made reference to Mr. Kevin Dembek ("Dembek"), a white maintenance employee, in a manner that suggests that Plaintiff is asserting that he was discriminated against vis-a-vis Dembek. For example, Plaintiff asserted that "the documentation regarding the fire exit . . . will show that Mr. Dembek did not receive any discipline." (*Id.* at 12.)

In their response to Plaintiff's motion, Defendants assert that Plaintiff's motion "was not filed in accordance with the federal court rules" and "Plaintiff offers no evidence to support his request." (Defs.' Resp. at ¶ 1.) In his reply brief, Plaintiff again asserts that "Defendant in response to an admission request and pursuant to a court order stated that a female security supervisor ordered a fire exit to be boarded shut." (Pl.'s Reply at 1.)

The court determines that Plaintiff has not established a palpable defect that warrants reconsideration of the court's order granting Defendants' motion. *Mktg. Displays, Inc. v. Traffix Devices, Inc.,* 971 F. Supp. 262, 278 (E.D. Mich 1997) (citing Webster's New World Dictionary 974 (3d ed. 1988)). Plaintiff did not reference Jarrett in his Complaint, and he did not present in his response evidence sufficient to conclude

5

that Jarrett is similarly situated to Plaintiff.

## IV.  CONCLUSION

IT IS ORDERED that Plaintiff's "Motion to Amend Judgment of Order Granting Defendants' 'Motion for Summary Judgment'" [Dkt. # 77] is DENIED.



   S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE


Dated:  May 25, 2005


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 25, 2005, by electronic and/or ordinary mail.

   S/Lisa G. Teets
Case Manager and Deputy Clerk
(313) 234-5522