**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

FRANK D. LACEY, JR.,

    Plaintiff,

v.                                            Case No. 03-CV-75023-DT

DOORSTEP SHELTER SUBSIDIARY OF MES,
INC. and JON P. RUTHERFORD,

    Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S "MOTION TO STRIKE
[RUTH HUBERT'S DEPOSITION TESTIMONY]"**

On April 13, 2005, Plaintiff filed a "Motion to Strike [Ruth Hubert's deposition testimony]." In his motion, Plaintiff alleges that Hubert's deposition was conducted in bad faith and she was not competent enough to provide testimony on the day of the deposition. (Pl.'s Mot. at ¶¶ 2-3.)

Plaintiff complains that Mr. Kurt Yockey, Defendants' attorney, "related [to Hubert] that information discussed in preparation of [the] deposition between . . . Plaintiff and deponents was not privileged and the deponents had to tell him what was discussed during their depositions." (Pl.'s Mot. Br. at 1.) Plaintiff also complains that Mr. Yockey re-examined Hubert after he originally deposed her and Plaintiff had cross-examined her without "seeking concurrence from . . . Plaintiff or further order from the court permitting him to re-examine the witness after he had stated that he had 'no further questions.'" (*Id.* at 1-2.) In addition, Plaintiff claims that "during this re-examination[,] [Mr. Yockey] began by asking a series of questions that had been asked

and answered several times during his initial examination, in an attempt to intimidate the witness." (*Id.* at 2.) Plaintiff further avers that Mr. Yockey "left the room to go get documents that he had not brought to the deposition with him" and "proceeded to have the exhibit marked, questioned . . . Hubert about the exhibit which was an affidavit she had signed, then, while standing and leaning as far across the table and pushing the affidavit as far into . . . Hubert's face as he could get it, told her that her affidavit was a fraud." (*Id.*) Plaintiff also claims that "it became extremely clear during [Mr. Yockey's] re-examination that . . . Hubert was having difficulty with time/place orientation. This may have been attributed to several medications she takes as stated on the record." (*Id.* at 3.)

Plaintiff asserts that he "stated in the record his intention to strike all testimony of . . . Hubert from [the] time Mr. Yockey left the room where [the] deposition was being held." (*Id.* at 3-4.) Plaintiff requests that the court strike Hubert's "deposition, including exhibits, of . . . Hubert's in whole or in part, that the court deems inappropriate." (*Id.* at 3.)

In their response, Defendants assert that "any conversations that . . . Hubert had with [Plaintiff] are not privileged and should have been divulged during [the] deposition. Requesting this information was not inappropriate or in violation of any court rules." (Def.'s Resp. at ¶ 3.) Defendants also state that "there is no truth and/or proof" to Plaintiff's allegation that Mr. Yockey "intimidated [Hubert] by 'standing and leaning as far across the table and pushing the affidavit as far into . . . Hubert's face as he could get.'" (*Id.* at ¶ 10.) Defendants also assert that "due to the clear discrepancies between what . . . Hubert told Mr. Yockey and what she told Mr. Lacey, it was absolutely necessary to

2

re-examine her on what she allegedly did or did not sign and/or write.  Therefore, Mr. Yockey's re-examination was appropriate and in violation of no court rules." (*Id.* at ¶ 8.) Defendants also assert that Plaintiff has no "medical support or even the support of . . . Hubert's testimony that she was unable to testify at the time of her deposition." (*Id.* at ¶ 2.)  In addition, Defendants cite Hubert's testimony that "she had not taken any medications the day of the deposition (which occurred at 3:25 p.m.) and that the last time she took a pill was at 3:00 a.m., and was a Naproxen." (*Id.* at ¶ 12.; Hubert Dep. at 49.)

> Pursuant to Fed. R. Civ. P. 30(c):
>
> Examination and Cross-Examination; Record of Examination; Oath; Objections.
>
> Examination and cross-examination of witnesses may proceed as permitted at the trial under the provisions of the Federal Rules of Evidence except Rules 103 and 615.  The officer before whom the deposition is to be taken shall put the witness on oath or affirmation and shall personally, or by someone acting under the officer's direction and in the officer's presence, record the testimony of the witness.  The testimony shall be taken stenographically or recorded by any other method authorized by subdivision (b)(2) of this rule.  All objections made at the time of the examination to the qualifications of the officer taking the deposition, to the manner of taking it, to the evidence presented, to the conduct of any party, or to any other aspect of the proceedings shall be noted by the officer upon the record of the deposition; but the examination shall proceed, with the testimony being taken subject to the objections.

Fed. R. Civ. P. 30(c).

Pursuant to Fed. R. Civ. P. 26(c):

> Protective Orders.
>
> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred

> or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (1) that the disclosure or discovery not be had;
> (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;
> (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;
> (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters;
> (5) that discovery be conducted with no one present except persons designated by the court;
> (6) that a deposition, after being sealed, be opened only by order of the court;
> (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way; and
> (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.

Fed. R. Civ. P. 26 (c).

Pursuant to Fed. R. Civ. P. 30(d)(3):

> If the court finds that any impediment, delay, or other conduct has frustrated the fair examination of the deponent, it may impose upon the persons responsible an appropriate sanction, including the reasonable costs and attorney's fees incurred by any parties as a result thereof.

Fed. R. Civ. P. 30(d)(3).

In the instant case, the court does not find that an "impediment, delay, or other conduct has frustrated the fair examination of the deponent" or that "justice requires"

that Hubert's deposition be stricken from the record. Fed. R. Civ. P. 30(d)(3), 26(c). There is no evidence the Mr. Yockey invaded the deponent's personal space, and even if there were evidence suggesting that Mr. Yockey did so, there is no evidence that any subsequent intimidation of the witness caused her to change or alter her testimony during the deposition. In addition, the court does not find that Mr. Yockey's re-examination of Hubert or alleged instruction to Hubert that her conversations with Plaintiff are not covered by the attorney-client privilege frustrated the fair examination of Hubert. The court also notes that Mr. Yockey's comment relating to Hubert's affidavit being a fraud if there was no notary present at the time she signed it was directed toward Mr. Lacey, not Hubert. (Hubert Dep. at 36-37.) During her deposition, Hubert asserted that she was in a "lot of pain," is "applying for disabililty," and takes medication for pain. (*Id.* at 48.) But, the court notes that Hubert also stated that the last time previous to the deposition that she took a Naproxen pill was at 3:00 a.m. that morning and that she took a pain pill and a sleeping pill the night before. (*Id.* at 49.) Plaintiff states that Hubert was rambling and disoriented and that her confusion over the document that Mr. Yockey presented "further illustrates her state of mind during the deposition." (Pl.'s Reply at 2.) The court does not find that Hubert's alleged conduct and demeanor was necessarily an effect of the Naproxen pill that she took twelve hours prior to the deposition. Plaintiff has not directed the court to any evidence that suggests that Hubert was feeling the negative effects of any medication during the deposition. Accordingly,

  IT IS ORDERED that Plaintiff's "Motion to Strike" [Dkt. # 91] is DENIED.

      S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: May 27, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 27,2005 by electronic and/or ordinary mail.

      S/Lisa G. Teets
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\Odd Clerk's Orders\03-75023.lacey.order.denying.plaintiff's.motion.to.strike.wpd