UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK D. LACEY, JR.,

    Plaintiff,

v.                                    Case No. 03-75023

DOORSTEP SHELTER
SUBSIDIARY OF MES INC. and
JON P. RUTHERFORD,

    Defendants.
_____/

**ORDER ON DEFENDANTS' AND PLAINTIFF'S MOTIONS IN LIMINE**

Before the court are seven Motions in Limine filed by Defendants and one filed by Plaintiff. Defendants' motions are as follows:

1) Defendants' "Motion in Limine To Preclude any Evidence and/or Testimony Regarding Plaintiff's Claims for Race and Sex Discrimination" [Dkt. #135]

2) Defendants' "Motion in Limine to Strike any and all Testimony and/or Evidence Regarding Incident(s) that Occurred After Plaintiff's Discharge from Employment" [Dkt. #139]

3) Defendants' "Motion in Limine To Strike or Limit Damages For Plaintiff's Failure to Mitigate" [Dkt. #137]

4) Defendants' "Motion in Limine to Prohibit Introduction of Personnel Files" [Dkt. #141]

5) Defendants' "Motion in Limine to Strike any Testimony and/or Evidence Regarding Claims of Discrimination and Retaliation Against Cynthia Reynolds, or Others" [Dkt. #140]

6) Defendants' "Motion in Limine to Strike Plaintiff's Alleged Tape Recorded Conversations" [Dkt. #138]

7) Defendants' "Motion in Limine to Strike Plaintiff's Claims for Damages" [Dkt. #136]

Plaintiff has responded to all motions.

Also before the court is Plaintiff's "Motion in Limine to Strike Defendants' Affirmative [sic]" [Dkt. #129].

After reviewing the documents filed in these matters, the court finds that a hearing on the pending motions is not necessary. E.D. Mich. LR 7.1(e)(2).

## I. STANDARDS

### A. Federal Rule of Evidence 401

Federal Rule of Evidence 401 states that "'relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence. Fed. R. Evid. 401. "In determining whether evidence is relevant, the district court must not consider the weight or sufficiency of the evidence." *Douglass v. Eaton Corp.*, 956 F.2d 1339, 1344 (6th Cir. 1992) (citations omitted). "Even if a district court believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has even the slightest probative worth." *Id.* (citation omitted).

### B. Federal Rule of Evidence 403

Under Federal Rule of Evidence 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. "The test imposed under 403, then, is a balancing test." *Williams v. Nashville Network*, 132 F.3d 1123,

1129 (6th Cir. 1997) (citing *Cortes v. Maxus Exploration Co.*, 977 F.2d 195, 201 (5th Cir. 1992)).  With Federal Rules of Evidence 401 and 403 in mind, the court reviews the motions at issue.

## II. DISCUSSION

### A. Defendants' "Motion in Limine To Preclude Any Evidence and/or Testimony Regarding Plaintiff's Claims for Race and Sex Discrimination"

Defendants' first motion seeks to preclude Plaintiff from producing evidence relating to Plaintiff's original claims for race and sex discrimination, noting that these counts of the original complaint are no longer at issue as the result of a summary judgment motion granted by the court in February 11, 2005 [Dkt. # 79].  The court agrees that much of the evidence related to such dismissed claims would be potentially confusing to the jury and is irrelevant to the retaliation claim to be tried.[1]  Indeed, Plaintiff, in his response to Defendants' motion, even acknowledges that he is "not trying to win a gender discrimination claim or pursue a verdict on a racial discrimination claim." (Pl.'s Resp. at 2.)  This is not to say that the general nature of his discrimination claims as presented to the EEOC could not be mentioned by Plaintiff, but an elaborate attempt to try the case with evidence that relates only to dismissed claims is inappropriate.  Fed. R. Evid. 401.  The sole claim to be tried is a retaliation claim.  Therefore, the motion will be granted.

---

[1]To establish a claim of retaliation under Title VII, Plaintiff must establish that: "1) he engaged in activity protected by Title VII; (2) the exercise of his civil rights was known to the defendant; (3) thereafter, the defendant took an employment action adverse to the plaintiff; and (4) there was a causal connection between the protected activity and the adverse employment action." *Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir. 2000).

### B. Defendants' "Motion in Limine to Strike any and all Testimony and/or Evidence Regarding Incident(s) that Occurred After Plaintiff's Discharge from Employment"

Defendants' second motion seeks to avoid the introduction of evidence regarding incidents that occurred after Plaintiff's discharge from employment, specifically an incident in August 2003 where a maintenance employee, Kevin Dembek,[2] was ordered to secure a door at the facility and used a board to do so – an incident superficially similar to an event that preceded Plaintiff's termination. (Defs.' Mot. at ¶ 3.) The court agrees that evidence of an incident that occurred when Plaintiff was no longer employed at the facility and is also more directly targeted at Plaintiff's previous discrimination based claims is not relevant to Plaintiff's retaliation claim presently at issue. Fed. R. Evid. 401. The incident was previously examined by the court in the context of Plaintiff's discrimination based claims and the court found no evidence of discrimination. Therefore, the motion will be granted.

### C. Defendants' "Motion in Limine to Strike or Limit Damages For Plaintiff's Failure to Mitigate"

Defendants' third motion seeks to strike or limit damages based upon Plaintiff's alleged failure to mitigate. As this is an affirmative defense yet to be proved to the satisfaction of the jury, the court cannot rule on it at this time. The motion will be denied without prejudice.

---

[2] In their motion, Defendants also refer to Mr. Dembek as Tom Dembek. Based on previous filings, the court assumes that Mr. Kevin Dembek is the person at issue in this motion.

**D.  Defendants' "Motion In Limine to Prohibit Introduction of Personnel Files"**

Defendants' fourth motion seeks to prohibit introduction of certain personnel files, specifically certain "write ups" that may have occurred in which various employees at the Defendants' facility, including Plaintiff, complained about each other.  The court agrees that the contents of other employees' personnel files and that of Plaintiff's personnel file outside of the October 2002 - July 2003 time frame are irrelevant to the determination of whether Defendants retaliated against Plaintiff.  Fed. R. Evid. 401.  The motion will be granted without prejudice to the right of Plaintiff to introduce such personnel file evidence simply to attempt to prove that it exists in the event that Defendants were to attempt to argue the contrary.  This exception is subject to an overriding concern of the court to avoid confusing the jury and to avoid the introduction of inflammatory or misleading evidence.  Fed. R. Evid. 403.

**E.  Defendants' "Motion in Limine to Strike any Testimony and/or Evidence Regarding Claims of Discrimination and Retaliation Against Cynthia Reynolds, or Others"**

Defendants' fifth motion seeks to limit the introduction of evidence regarding claims of discrimination and retaliation against Cynthia Reynolds and other employees. The court notes that a recurring theme of Plaintiff's allegations is his apparent belief that the facility discriminated or retaliated against other employees as a consequence of them coming to his aid.  The court considers this evidence, if it exists, as relevant to the issue of Defendants' motivation in the way in which they treated Plaintiff.  In the event that Plaintiff can prove that a particular other employee was mistreated or retaliated

5

against by Defendants as a direct result of an association with Plaintiff, then such a foundation for such evidence will have been established, and it will be admissible. *Zanders v. National R.R. Passenger Corp.*, 898 F.2d 1127 (6th Cir. 1990) (in establishing a case of retaliation, the "causal link [element] requires the plaintiff to proffer evidence 'sufficient to raise the inference that her protected activity was the likely reason for the adverse action.'")).  In the event that no such foundation is laid, the evidence is irrelevant and not admissible.  The motion is therefore granted without prejudice to the ability of Plaintiff to lay a proper foundation as outlined herein.

### F.  Defendants' "Motion in Limine to Strike Plaintiff's Alleged Tape Recorded Conversations"

Defendants' sixth motion seeks to strike Plaintiff's alleged tape recorded conversations.  Defendants argue that at times, Plaintiff has produced what he asserts to be cassette tapes and transcripts of conversations he has taped.  Defendants seek to avoid the mention of their existence or the introduction of such tape recordings into evidence.  The court finds that the contents of such conversations, to the extent that Plaintiff participated in them, may be relevant to the issues to be decided in this case, depending upon what was said and under what circumstances.  The court cannot preemptively rule that the contents of conversations the court has not heard cannot be mentioned.  The motion will be denied without prejudice.  The matter may be raised later if necessary.

### G.  Defendants' "Motion in Limine To Strike Plaintiff's Claims for Damages"

Defendants' final motion seeks to limit Plaintiff's damages claims to those that are related to the injury of which Plaintiff complains, i.e., termination from employment.

Defendants note that "Plaintiff [in a recent filing] is attempting to claim damages which are not allowable under this type of retaliation claim and should be stricken by the Court." (Defs.' Mot. at ¶ 3.) Defendants further state that "many of the items of damage Plaintiff is claiming are estimated amounts, based in speculation, without proper accounting and, therefore, these estimated amounts should not be asserted in this matter." (*Id.* at ¶ 4.) The court, having reviewed the filing complained of, agrees that many items of damage alleged therein by Plaintiff are unsustainable in this action. Plaintiff, for example, purports to seek attorney fees for the time he himself has expended. The court notes, however, that "[t]he Circuits are in agreement . . . on the proposition that a pro se litigant who is not a lawyer is not entitled to attorney's fees." *Kay v. Ehrler*, 499 U.S. 432, 435 (1991); *see also Garmon v. Continental Baking Co.*, 1993 WL 262461, at *3 (6th Cir. July 8, 1993). Plaintiff seeks a future loss of income because his car was stolen and he also seeks the value of the car because he alleges that he was unable to pay his car insurance due to his lack of income after being terminated. In addition, Plaintiff refers to a raise in pay that he expected to receive before termination. He also contends that he will need dental work in the future. Damages must be "calculated with reasonable certainty." *ADR North America, LLC v. Agway, Inc.,* 303 F.3d 653, 660 (6th Cir. 2002). A failure to so prove will persuade the court to limit the claim for damages as requested. The court cannot preemptively grant the motion, however, because Plaintiff may be able to prove with reasonable certainty the relevant portions of his damage claim, i.e., lost wages and possible non-economic emotional distress damage. Therefore, the motion will be granted in part as to Plaintiff's claim for dental bills, his car-related damages claims, and claim for attorney fees and

the utterly irrelevant portions of Plaintiff's possible claims for damage shall be prohibited.

### H. Plaintiff's "Motion in Limine to Strike Defendants' Affirmative [sic]"

In Plaintiff's motion in limine to strike Defendants' affirmative defenses, Plaintiff states that "Defendants have not provided any evidentiary support their [sic] claim of affirmative defenses, and their claims to affirmative defenses should be stricken for [sic] the record." (Pl.'s Mot. at ¶ 5.) This is in reality an untimely motion for partial summary judgment alleging that a claim or defense is unsupported in the evidence. The jury is capable of deciding whether or not the defense is supported by evidence. The motion will be denied.

### III. CONCLUSION

IT IS ORDERED that Defendants' 1) Motion in Limine To Preclude any Evidence and/or Testimony Regarding Plaintiff's Claims for Race and Sex Discrimination [Dkt. #135] is GRANTED; 2) Defendants' Motion in Limine to Strike any and all Testimony and/or Evidence Regarding Incident(s) that Occurred After Plaintiff's Discharge from Employment [Dkt. #139] is GRANTED; 3) Defendants' Motion in Limine To Strike or Limit Damages For Plaintiff's Failure to Mitigate [Dkt. #137] is DENIED WITHOUT PREJUDICE; 4) Defendants' Motion in Limine to Prohibit Introduction of Personnel Files [Dkt. #141] is GRANTED WITHOUT PREJUDICE to Plaintiff's ability to lay a proper foundation; 5) Defendants' Motion in Limine to Strike any Testimony and/or Evidence Regarding Claims of Discrimination and Retaliation Against Cynthia Reynolds, or Others [Dkt. #140] is GRANTED WITHOUT PREJUDICE to Plaintiff's ability to lay a proper

foundation; 6) Defendants' Motion in Limine to Strike Plaintiff's Alleged Tape Recorded Conversations [Dkt. #138] is DENIED WITHOUT PREJUDICE;

7) Defendants' Motion in Limine to Strike Plaintiff's Claims for Damages [Dkt. #136] is GRANTED IN PART as to Plaintiff's claim for dental bills, his car-related damages claims, and claim for attorney fees and the utterly irrelevant portions of Plaintiff's possible claims for damage shall be prohibited.

IT IS FURTHER ORDERED that Plaintiff's Motion in Limine to Strike Defendants' Affirmative [sic] [Dkt. #129] is DENIED.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: December 6, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 6, 2005, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522