**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FRANK D. LACEY, JR.

      Plaintiff,

v.                                            Case No. 03-CV-75023-DT

DOORSTEP SHELTER SUBSIDIARY OF MES,
INC. and JON P. RUTHERFORD,

      Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART**
**DEFENDANTS' "MOTION FOR COSTS AND ATTORNEY FEES"**

Pending before the court is Defendants' "Motion for Costs and Attorney Fees." The court has reviewed the briefing in this matter and concludes that no hearing is required. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant in part and deny in part Plaintiff's motion.

**I. INTRODUCTION**

A jury was selected on December 8, 2005, and a trial relating to Plaintiff's employment retaliation claim against Defendants Doorstep Shelter Subsidiary of Mes and Jon P. Rutherford was conducted from December 13 through December 15, 2005. On December 15, 2005, the jury entered a verdict in favor of Defendants and against Plaintiff. On December 29, 2005, Defendants filed the instant motion in which they argue that they are entitled to be reimbursed for their costs and attorney fees.

## II.  DISCUSSION

Defendants rely on Federal Rule of Civil Procedure 54(d) to support of their motion for costs and attorney fees.  Rule 54(d) provides, in relevant part:

> **(d) Costs; Attorneys' Fees.**
>
> **(1) Costs Other than Attorneys' Fees.**
>
> Except when express provision therefor is made either in a statute of the United States or in these rules, *costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs* . . .
>
> (**2) Attorneys' Fees**.
>
> (A)  Claims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.
>
> (B)  Unless otherwise provided by statute or order of the court, the motion must be filed no later than 14 days after entry of judgment; *must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award*; and must state the amount or provide a fair estimate of the amount sought.

Fed. R. Civ. P. 54(d) (emphasis added).

In their motion, Defendants assert that "[f]rom the inception of this matter up until trial, Defendants incurred costs and expenses in the amount of $3,180.88" and "[f]rom the inception of this matter up until trial, Defendants' attorney fees have been $79,636.25 with partners, Kurt Yockey and Ed Lynch charging $190.00 an hour, associate Anne Kenney charging $160.00 an hour and the paralegal charging $65.00." (Defs.' Mot. at 2.)  Defendants detail the costs and fees they incurred on a monthly basis, beginning in December 2003, and describe why their hourly fees are reasonable. Defendants ask for a total award of $82,817.13.

### A. Costs

The court reviews Defendants' request for costs and Plaintiff's subsequent objection to paying those costs in light of the presumption that costs will be awarded. *White & White, Inc. v. American Hospital Supply Corp.,* 786 F.2d 728, 730 (6th Cir. 1986). The court recognizes that, based on Sixth Circuit law, it is incumbent on the losing party to demonstrate that he should not bear the costs normally to be awarded. *Id.* at 732. The Sixth Circuit has specifically outlined the cases where costs may be denied, which include:

> circumstances . . . where taxable expenditures by the prevailing party are "unnecessary or unreasonably large," cases where the prevailing party should be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues . . . and cases that are "close and difficult." . . . Examples of inappropriate factors include the size of a successful litigant's recovery and the ability of the prevailing party to pay his or her costs.

*Id.* at 730 (citations omitted). The *White & White* court also noted that:

> Other courts have identified factors that may be considered but, in the absence of other relevant factors, do not warrant an exercise of discretion under Rule 54(d). An example of a relevant but insufficient basis for denying costs is the good faith a losing party demonstrates in filing, prosecuting or defending an action. Another is the propriety with which the losing party conducts the litigation.

*Id.* (citations omitted).

Plaintiff objects to several elements of Defendants' claim for costs. For example, relating to transportation and mailing, Plaintiff asserts that "[t]he post office is less than three hundred yards from the Defendants['] office." (Pl.'s Resp. at 2.) In addition, Plaintiff does not agree with Defendants' request for "monetary compensation for travel and for deposition cost[s]," alleging that "all deposition[s] with the exception of one were

3

held at the Defendants['] office." (*Id.*)  Plaintiff also asserts that the "deposition would not have been necessary if . . . [D]efendant had allowed Cynthia Reynolds to answer [a] question that she was allowed to answer at the second deposition." (*Id.*)  Plaintiff also argues that certain depositions were unnecessary because Plaintiff asked Defendants to stipulate to certain facts which they did not contest but Defendants "ordered their depositions anyway." (*Id.* at 3.)  Plaintiff also asserts that Defendants requested that Cynthia Reynolds be deposed for their "benefit" so that they "could suspend her not as much for trial purposes regarding [P]laintiff's case." (*Id.*)

Plaintiff's allegations, however, do not amount to evidence showing that he should not bear the costs that Defendants, as the prevailing parties, are entitled to impose on him pursuant to Federal Rule of Civil Procedure 54.  More specifically, Plaintiff has not provided *evidence* that persuades the court that Defendants' costs are unreasonably large or that they prolonged the trial.  *White & White*, 786 F.2d at 730.  Plaintiff merely attacks defense counsel's legal strategy in preparing to defend against Plaintiff's allegations, which, the court recalls, were not entirely well-defined during most of the time the case was pending.  Having been presented with no evidence suggesting that the court should act otherwise, the court will grant Defendants' request for reimbursement of its taxable costs.  These costs include Defendants' expenses incurred in obtaining deposition transcripts, witness and mileage fees, and court reporting fees.

## B. Attorney Fees

Rule 54(d)(2) permits a prevailing party to move for an award of nontaxable expenses and attorney fees, but a specific statute, rule, or other grounds to support such a claim must be identified. Fed. R. Civ. P. 54(d)(2)(B). As an initial matter, Defendants have not identified a statute or rule in support of their claim for attorney fees, and the court will begin from "the premise that under the American Rule, absent statutory authorization or an established contrary exception, each party bears its own attorney's fees." *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997) (citations omitted). More specifically, the *Big Yank Corp.* court held that:

> The principal exception to this rule is a district court's inherent authority to award fees when a party litigates "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975); *Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985). In order to award attorneys' fees under this bad faith exception, a district court must find that "the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment." *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1375 (6th Cir. 1987); *see also Hall v. Cole*, 412 U.S. 1, 5 (1973) ("[T]he underlying rationale of 'fee shifting' is, of course, punitive, and the essential element in triggering the award of fees is therefore the existence of 'bad faith' on the part of the unsuccessful litigant."); *Colombrito*, 764 F.2d at 133 (holding that, in order to award attorneys' fees under the bad faith exception, a district court must find that the plaintiff's suit was both "entirely without color and . . . asserted wantonly, for purposes of harassment or delay, or for other improper reasons. . . . Neither meritlessness alone · · · nor improper motives alone . . . will suffice.").

*Id.* at 313 -314. Defendants have neither alleged nor presented evidence that suggests that Plaintiff undertook his case in bad faith. Instead, they detail only the large volume of work that they performed in defending against this case (none of which the court

doubts).  This accounting of work done, however, does not suggest that there was any element of vexatiousness in Plaintiff's prosecution of his case.  *Big Yank*, 125 F.3d at 313-14.  The record reflects, also, that Plaintiff survived a motion for summary judgment on one count or theory of his complaint, thus indicating that the court thought there was, at least, *some* evidence upon which a reasonable jury could have ruled in Plaintiff's favor.  The court will deny Defendants' request for attorney fees.

### IV.  CONCLUSION

IT IS ORDERED that Defendants' "Motion for Costs and Attorney Fees" [Dkt. # 168] is GRANTED IN PART AND DENIED IN PART.  It is granted with respect to Defendants' request for taxable costs and denied with respect to Defendants' request for attorney fees.  Defendants are directed to submit to the Clerk's Office its Bill of Costs and other documentation in support of its request for *taxable* costs.

 S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  March 10, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 10, 2006, by electronic and/or ordinary mail.

 S/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522